# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON PIERCE,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY.<br><br>    Defendant. | Case No. 1:16-cv-01452-SAB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATION TO EXTEND THE TIME FOR PLAINTIFF TO FILE HIS OPENING BRIEF<br><br>(ECF No. 13) |

On September 28, 2016, Plaintiff filed the present action seeking review of the Commissioner's denial of an application for benefits. On September 30, 2016, the Court issued a scheduling order. (ECF No. 5). The scheduling order states that in the event Defendant does not agree to a remand, within thirty (30) days of service of Defendant's response to Plaintiff's confidential letter brief, Plaintiff shall file an opening brief. (ECF No. 5 at ¶ 6.) On May 2, 2017, Defendant filed a proof of service for her response to Plaintiff's confidential letter brief, which indicated that Defendant's response was served by electronic mail on Plaintiff's counsel on May 2, 2017. (ECF No. 12.)

On June 6, 2017, Plaintiff filed what is captioned as "STIPULATION TO EXTEND TIME TO FILE OPENING BRIEF" and docketed as "STIPULATION AND PROPOSED ORDER for extension of time."[1] (ECF No. 13.) While Plaintiff filed his request as a stipulation,

---

[1] The Court notes that the proposed order is captioned "[PROPOSED] ORDER EXTENDING BRIEFING SCHEDULE."

1

the Court notes that it is not actually a stipulation.  Plaintiff's counsel states that she has not yet received a response from Defendant's counsel to her request for an extension of time.  Therefore, the stipulation to extend the time for Plaintiff to file his opening brief (ECF No. 13) is denied without prejudice.  Plaintiff can file his request as a motion for an extension of time or file a stipulation that is signed by Defendant's counsel.  Further, a stipulation is an "agreement" between the parties, which this is not.  Counsel is admonished not to give the court misleading titles in matters submitted to it for consideration.  The Court also notes that Plaintiff did not file the "stipulation" until after the deadline for filing the opening brief passed, so Plaintiff needs to request the extension nunc pro tunc, which the Court is not inclined to grant absent good cause.

The parties are advised that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause.  Further, requests to modify the briefing schedule that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension.  If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.  The parties are reminded that any failures to comply with the scheduling order may result in sanctions pursuant to Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that the stipulation for an extension of time for Plaintiff to file his opening brief (ECF No. 13) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: __**June 7, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE